## LAGEZA v. CHELSEA FIBRE MILLS.

(Supreme Court, Appellate Division, Second Department. December 10, 1909.)

VENUE (§§ 46, 82*)—CHANGE OF VENUE—GROUNDS.

Defendant's absolute right, under Code Civ. Proc. § 984, to have the place of trial of an action for personal injuries, brought in a county of which neither party is a resident, changed to that of which defendant is a resident, cannot be defeated by a showing as to convenience of witnesses, though, after such change is made, plaintiff may avail himself of section 987, subds. 2, 3, permitting a change of place of trial where there is reason to believe that an impartial trial cannot be had in the proper county, or where the convenience of witnesses and the ends of justice will be promoted by the change.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 68, 144, 145; Dec. Dig. §§ 46, 82.*]

Appeal from Special Term, Queens County.

Action by Michael Lageza, an infant, by his guardian ad litem, Max Klimaschewitz, against the Chelsea Fibre Mills. From an order denying a motion for change of place of trial from Queens county to New York county, defendant appeals. Reversed, and motion granted.

Argued before JENKS, BURR, THOMAS, RICH, and MILLER, JJ.

Eugene M. Hawkins, for appellant.
Harry S. Austin, for respondent.

JENKS, J. This action for personal injuries through negligence was brought in the county of Queens. The defendant duly demanded

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the place of trial be changed to the county of New York. As it appeared that the plaintiff had never been a resident of the county of Queens, but was a resident of the county of Kings when he began his action, and that the defendant was a resident of New York county, the defendant was entitled to the change of venue as a matter of right. Code Civ. Proc. § 984; Nichols' New York Practice, p. 1930, and authorities cited. This absolute right could not be defeated by a showing as to the convenience of witnesses. Veeder v. Baker, 83 N. Y. 156; Mills v. Starin, 119 App. Div. 336, 104 N. Y. Supp. 230. After the change has been made, the plaintiff may then avail himself of either of the second and third subdivisions of section 987 of the Code of Civil Procedure. Authorities supra.

The order must be reversed, with $10 costs and disbursements, and the motion must be granted, with costs. All concur.