### FLUCKIGER v. HABER et al.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

VENUE (§ 52*)—CHANGE OF PLACE OF TRIAL—TRANSITORY ACTIONS.

A personal injury action, being transitory, should be tried in the county where the transaction involved took place, unless a large preponderance of the witnesses live in another county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 77; Dec. Dig. § 52.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Amos Van Etten, for appellants.

Frank M. Van Wagonen, for respondent.

McLAUGHLIN, J.   In May, 1910, the plaintiff was a passenger on a steam yacht on Rondout creek, Ulster county, which was owned by the defendant Haber. The yacht landed at a dock owned by the Cornell Steamboat Company, for the purpose of letting the plaintiff and others go ashore.   After the plaintiff had left the yacht, and while walking upon the dock, she stepped into a hole and sustained personal injuries, and to recover the damages alleged to have been sustained by reason thereof she brought this action; the venue being laid in the county of New York. The theory upon which a recovery is sought is that the injuries were caused by the negligence of both defendants; Haber in landing at the dock in question, and the steamboat company in failing to maintain it in a safe condition. After issue had been joined, the defendants moved to change the place of trial from the county of New York to the county of Ulster, for the convenience of witnesses. The motion was denied, and they appeal.

The accident occurred in Ulster county, where both of the defendants reside. Whatever cause of action the plaintiff has arose in that county, and it is obvious, from the papers used on the motion, that the greater number of witnesses there reside. It seems to be generally settled that, in transitory actions, the action should be tried in the county where the transactions involved in the controversy took place, unless a large preponderance of the witnesses live in another county. Jacobs v. Davis, 65 App. Div. 144, 72 N. Y. Supp. 558; Lutfy v. Sullivan, 119 App. Div. 506, 104 N. Y. Supp. 177; Harrison v. Holahan, 122 App. Div. 740, 107 N. Y. Supp. 741; Studebaker Bros. Co. v. W. N. Y. & P. Traction Co., 140 App. Div. 308, 125 N. Y. Supp. 224. Under this rule I think the court erred in denying the defendants' motion.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion to change the place of trial from the county of New York to the county of Ulster is granted, with $10 costs. All concur.

---

FLUCKIGER v. HABER et al.

(Supreme Court, Appellate Division, First Department.   March, 1911.)

Appeal from Special Term, New York County.

Action by Louis Fluckiger against Christopher Haber and another. From an order denying a motion to change the place of trial, defendants appeal. Reversed and motion granted.