Appeal from Special Term, New York County.

Action by Mary Fluckiger against Christopher Haber and another. From an order denying a motion to change the place of trial, defendants appeal. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Amos Van Etten, for appellants.
Frank M. Van Wagonen, for respondent.

---

FLUCKIGER v. HABER et al.

(Supreme Court, Appellate Division, First Department. March, 1911.)

Appeal from Special Term, New York County.
Action by Louis Fluckiger against Christopher Haber and another. From an order denying a motion to change the place of trial, defendants appeal. Reversed and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Amos Van Etten, for appellants.

Frank M. Van Wagonen, for respondent.

McLAUGHLIN, J. The plaintiff's wife was a passenger on a yacht on Rondout creek, Ulster county. The yacht landed at a dock in that county owned by the defendant steamboat company for the purpose of permitting her to go ashore. While walking upon the dock she stepped into a hole and sustained personal injury. Plaintiff brings this action to recover for loss of her services. After issue had been joined, the defendants moved to change the place of trial from the county of New York to the county of Ulster. The motion was denied, and they appeal.

For the reasons stated in the opinion in Mary Fluckiger v. Haber and Cornell Steamboat Co. (decided herewith) 128 N. Y. Supp. 739, I think the motion should have been granted.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

JONES v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

1. NEW TRIAL (§ 162*)—GROUNDS—EXCESSIVE DAMAGES.

In an action for damages to plaintiff's property by the maintenance of a nuisance, the court withdrew from the jury's consideration all items of damage, except the usable value of plaintiff's unimproved realty, claimed to be $21,080 for two years, and the loss of rentals from the improved realty for six years, amounting to $9,621, aggregating $30,701, and charged that no more than that sum could be recovered; but the verdict was for $58,250. Held, that the verdict was excessive and contrary to law, but that the court could not eliminate the excess above the limit set to the recovery, and then deduct the usable value of the unimproved realty, as not sustained by the evidence, and grant a new trial only if plaintiff refused to accept the reduced recovery, but that the new trial should have been granted absolutely.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 324–329; Dec. Dig. § 162.*]

2. NUISANCE (§ 49*)—ACTIONS—ADMISSION OF EVIDENCE.

In an action for damages to property by maintaining a nuisance by erecting railroad shops, etc., evidence was admissible to show that certain structures erected by defendant were temporary in character.

[Ed. Note.—For other cases, see Nuisance, Dec. Dig. § 49.*]

Appeal from Trial Term, New York County.