by one suing under a contract for commissions, depending as to amount upon the kind of machines sold, claiming a lump sum due for selling a specified number of machines, without showing the kinds of machines sold, is bad.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 285–289; Dec. Dig. § 107.*]

Appeal from Special Term, New York County.

Action by Tom Frusher against the Vacuum Dyeing Machine Company. From an order refusing to vacate an attachment, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Charles Trosk, for appellant.
George R. Bristor, for respondent.

MILLER, J. [1, 2] The warrant of attachment is not a part of the papers on appeal; but, as the attack is confined solely to the suf-ficiency of the papers upon which it was granted, we do not deem the omission fatal to the appellant's right to be heard. The plaintiff was employed by the defendant as selling agent for certain vacuum dyeing machines, manufactured by the defendant, under an agreement pursuant to which he was to receive $150 commission for each large machine sold for $1,475, and $100 commission for each small machine sold for $950. In his affidavit to obtain the warrant of attachment, he states that he sold, and the defendant was paid for, 68 machines, upon which he "was duly entitled as commissions under said contract to the sum of $10,150"; that he became entitled under the contract to the further sum of $332.37 for expenses, making a total of $10,482.37, and that there was paid to him "upon said amount, only the sum of $8,100." It is impossible for the court to determine, unless the plaintiff's conclusion be accepted, that he is entitled to anything in excess of the sum already paid him. The failure to state the number of large and the number of small machines sold was doubtless an oversight; but it was a fatal omission, as facts must be stated from which the court can judicially determine the amount due, and the conclusions of the party moving for the attachment cannot be accepted as proof.

The order must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

SCHULZ v. HUDSON VALLEY RY. CO. et al.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

1. VENUE (§ 72*)—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.
    Where conflicting claims with respect to the number and materiality of the witnesses are presented by affidavits, the place where the cause of action arose and where transactions to be inquired into took place form a most important, if not a controlling, consideration in determining an application for change of venue.

    [Ed. Note.—For other cases, see Venue, Cent. Dig. § 127; Dec. Dig. § 72.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Venue (§ 52*)—Change of Venue—Convenience of Witnesses.

Plaintiff sued defendant railroad company and defendant city for injuries sustained by reason of an alleged defective highway. The material facts in dispute related to the condition of the street at the time of the accident and prior thereto, to the manner in which plaintiff was driving, and to the circumstances under which he met with the accident. On an application for a change of venue to the county where the injury occurred, the action having been brought in another county, where plaintiff claimed he resided, there were conflicting claims as to the number and materiality of the witnesses to be examined. *Held*, that defendants were entitled to have the venue changed, especially as it would not be consistent with the public interest to require the officers and employés of the city to abandon their duties and attend a trial in another county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Fred Schulz against the Hudson Valley Railway Company and the Village of Saratoga Springs. From an order denying a motion of defendant railway company, in which the defendant village was permitted to intervene without affidavits, to change the place of trial from New York to Saratoga county, defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

Frank Gick, for appellant village of Saratoga Springs.
James McPhillips, for appellant Hudson Valley Ry. Co.
Eli J. Blair, for respondent.

LAUGHLIN, J. The action is brought to recover damages for personal injuries sustained by plaintiff by being thrown from a buggy in which he was riding at the intersection of East avenue with the speedway and Fifth avenue, being a public highway in the village of Saratoga Springs, on or about the 20th day of August, 1910, alleged to have been caused by negligence on the part of the railway company in failing to perform its duty to restore and maintain the surface of the street between its tracks in a safe condition for public travel, and to pave the same in accordance with the obligations imposed by its franchise, and on the part of the village to properly inspect and keep the streets in repair.

The moving papers show that the plaintiff has a residence in the village of Saratoga Springs and is customarily there a large part of the year; but plaintiff claims to be a resident of the county of New York, and the motion was made on the ground of the convenience of witnesses and that the ends of justice would be promoted by the change of the place of trial, and not on the ground that the county of Saratoga is the proper county. The answers of the respective defendants put in issue the material allegations of the complaint with respect to the plaintiff's freedom from contributory negligence and the charges of negligence on the part of the defendants.

[1] We are of opinion that it fairly appears that the convenience of witnesses will be promoted by the change of the place of trial as duly demanded, and that the ends of justice require that course.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Where conflicting claims with respect to the number and materiality of the witnesses are presented by the affidavits, as in the case at bar, the place where the cause of action arose and where the conditions and transactions to be inquired into on the trial existed and took place, form a most important, if not a controlling, consideration.

 [2] Here the material facts in dispute relate to the condition of the street at the time of the accident and prior thereto, and to the manner in which the plaintiff was driving, and to the circumstances under which he met with the accident. It is manifest that the facts and circumstances attending such an accident, and upon which the liability or freedom from liability on the part of the defendants depend, can be better inquired into at or near the vicinity of the accident than at a place remote therefrom. Moreover, the action being against a municipal corporation, it is evident that it would not be consistent with the public interests to require its officers and employés to abandon their duties and attend a trial in New York county.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements to each appellant, and motion granted, with $10 costs to appellant railway company. All concur.