LENA B. ROBERTS, Respondent, v. WILLISON A. ROBERTS, Appellant.— The order of July 28, 1917, denying defendant's motion to resettle the order of July 3, 1917, denying his motion for a change of the place of trial of the action from Orange to Broome county, is reversed; the defendant's motion to resettle such order by omitting therefrom the following recital, " and the affidavits of Willison A. Roberts, verified June 15, 1917, of Lizzie Roberts and Wesley Roberts, each verified June 15, 1917, of Raphael T. Medrick, Frank H. Northrup, M. H. Mason and George E. Rosencranse, each verified June 14, 1917, and of Lloyd Stevens, S. A. Cisco, Ella M. Padien, William Lain, Jennie Higby, Gertrude Higby and F. K. Lamereaux, each verified June 15, 1917, and of Fred J. Huegle, verified June 16, 1917," is granted, and said order, as so resettled, is reversed and the defendant's motion to change the place of trial to Broome county is granted, upon the ground that plaintiff being a non-resident of the State, and defendant a resident of Broome county, he had the right to have the action tried in the county of his residence, and this right could not be defeated by proof that the convenience of witnesses and the ends of justice would be promoted by retaining the place of trial in Orange county, in which county neither party resided. (*Veeder* v. *Baker*, 83 N. Y. 156; *Lageza* v. *Chelsea Fibre Mills*, 135 App. Div. 731.) Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ., concurred.

LOUIS ROBISON, Appellant, v. GEORGE WALTER, Respondent.— The finding that on the " law day " the vendor's title was incumbered of record by two tax sales is not disputed. But appellant urges that having ten months later obtained the cancellation of such liens, he could then sue the vendee for specific performance. In asking for such relief, based on a title cured so long after the date of closing, evidence was received that appellant had left the house without any caretaker, so that the plumbing, with many doors and all the windows, had been taken out, the ceilings had fallen, and the roof had been demolished. This made it inequitable to compel defendant to take it in its damaged condition. As plaintiff sought specific performance based on his later removal of liens, the changed state of the property in this interval became material. It could not be fairly disregarded by the court, even without being set up by a supplemental answer. The judgment for defendant is, therefore, unanimously affirmed, with costs. Present — Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ.

REBECCA ROSENKRANTZ, Respondent, v. STANDARD MOTOR SERVICE COMPANY, INC., Appellant, and CARL LARSEN and EDWARD PERKINS, Defendants.— Judgment and order reversed and new trial granted, costs to abide the event, because of the inconsistency of the verdict against the alleged principal (liable only under the rule of *respondeat superior*), with no finding against the driver of the automobile. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred.