ABEL I. CULVER, Appellant, *v*. UNION NATIONAL BANK OF TROY and Another, as Administrators, etc., of EDWARD F. MURRAY, Deceased, Respondents.

Third Department, May 6, 1925.

**Trial — change of place of trial — place of trial changed from New York county to Rensselaer county on ground that New York county was not proper county — motion at same term to retain case in New York county on ground of convenience of witnesses was denied — present motion on same ground not barred by prior motion — contention that as to first cause of action Statute of Limitations was tolled by loan of money by debtor to creditor within period not sustained — witnesses not required as to first cause of action — only witness required as to second cause of action does not reside in New York county — motion was properly denied.**

On the motion to change the place of trial in this action from New York county to Rensselaer county on the ground that New York county was not the proper county, the court did not have the right to consider the question of retaining the case in New York county on the ground of convenience of witnesses, which question was raised by plaintiff's motion, made at the same term, to retain the case in New York county for the convenience of witnesses, and, therefore, the question of the convenience of witnesses is not *res judicata* on the present motion to change the place of trial from Rensselaer to New York county on that ground.

The plaintiff will not require any witnesses as to the first cause of action, since it appears from the pleadings that the defense that the Statute of Limitations has run against the first cause of action is not overcome by plaintiff's allegation to the effect that within the period of the statute the plaintiff borrowed money from the defendant; such an act does not toll the Statute of Limitations.

As to the second cause of action, the only witness required by the plaintiff is one who does not reside in New York county.

Under the circumstances, therefore, while the present motion should not have been denied on the ground that the question was *res judicata*, it was properly denied on the ground that there is no necessity for changing the place of trial for the convenience of witnesses.

APPEAL by the plaintiff, Abel I. Culver, from an order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Rensselaer on the 22d day of December, 1924, denying plaintiff's motion to change the place of trial from Rensselaer county to New York county on the ground of convenience of witnesses and to promote the ends of justice.

*Parmly, Stetson & Woodward* [*William L. Woodward* of counsel], for the appellant.

*James Farrell* and *Heaton & Mambert*, for the respondents.

H. T. KELLOGG, J.:

The plaintiff is a resident of the State of New Jersey. Edward F. Murray, the original defendant, was a resident of the county of Rensselaer, in the State of New York. The place of trial of the action was laid in New York county. The defendant moved, at a Special Term held in New York county, to change the place of trial to the county of Rensselaer, as the proper county. The plaintiff moved, at the same term, to retain the case in New York county for the convenience of witnesses. On appeal from the orders made upon such motions the Appellate Division for the First Department directed that the trial be had in Rensselaer county. (*Culver v. Murray*, 208 App. Div. 845.) Thereafter the plaintiff made this motion to change the place of trial to New York county on the ground of the convenience of witnesses. The defendants then argued, as they now argue, that the matter was *res adjudicata* that the trial should be had in Rensselaer county. The motion was denied. The defendants are mistaken in their argument. On a motion to change the place of trial to the proper county the convenience of witnesses may not be considered. It may be considered, after the change has been made, upon a motion to return the case to the original county, even though that county is one wherein none of the parties reside. (*Gorman v. South Boston Iron Company*, 32 Hun, 71; *Herbert v. Griffith*, 2 App. Div. 566; *Mills & Gibb v. Starin*, 119 id. 336; *Sylvester v. Lewis*, 55 id. 470; *Veeder v. Baker*, 83 N. Y. 156.) It does not follow, however, that the order denying the motion should be reversed. The plaintiff, for a first cause of action, sets up services performed by him, on behalf of the original defendant, in the year 1908. He seeks a recovery of $76,920 upon a broken promise of the original defendant alleged to have been made in the year 1908, to transfer securities, valued at the sum named, to the plaintiff on account of the services so rendered. The answer of the defendants, among other things, pleads the six-year Statute of Limitations. It does not appear from the complaint, or from any affidavit filed by the plaintiff, that the first cause of action is not barred by the fourteen-year period which has elapsed between its accrual and the bringing of this action. It is true that the plaintiff asserts that, prior to December, 1913, he borrowed $20,000 of the original defendant, and thereafter executed and delivered to such defendant various promissory notes to evidence the debt. The argument that a creditor, by borrowing money of a debtor, giving notes therefor and renewing the same, can thereby postpone the accrual of the debt owing to himself and thus avoid the bar of the statute, strikes me as but little less than fanciful. That it is fallacious may be gathered

from the following cases: *Edmondstone* v. *Thomson* (15 Wend. 554); *Green* v. *Disbrow* (79 N. Y. 1); *Raux* v. *Brand* (90 id. 309); *Adams* v. *Olin* (140 id. 150). It does not appear, therefore, that in the matter of the first cause of action any witnesses will be required by either party. For a second cause of action the plaintiff alleges the breach of a promise, made by the original defendant, to pay for services performed by the plaintiff between the years 1914 and 1919, inclusive. It is apparent that a recovery upon this cause of action, for at least a part of the items involved, is not barred. However, the only witness whom the plaintiff desires to call to prove his cause is Alfred H. Strickland whose residence is not within the county of New York and whose convenience, therefore, need not be consulted.

The order should be affirmed, with ten dollars costs and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.