RUTH ROSE, an Infant, by FRANCES ROSE, Her Guardian ad Litem, Respondent, *v.* TOWN OF RICHMOND, Appellant.

Fourth Department, September 30, 1925.

Trial — place of trial — action against town for negligence in operation of motor truck by its servant — motion to change place of trial from Erie county, plaintiff's residence, to Ontario county, where accident occurred — rule that convenience of witnesses who are employees of party will not be considered is not applied in this case — motion to change place of trial granted.

In an action to recover damages for injuries suffered by plaintiff when an automobile in which she was riding was forced off the road by the negligent operation of a truck belonging to the defendant town, a motion by the defendant to change the place of trial from the county of Erie, the residence of the plaintiff, to the county of Ontario, the place of the accident, on the ground of convenience of material witnesses and that the ends of justice will be promoted by the change, will be granted, although many of the defendant's witnesses are employees of the defendant, for the rule that the court will not consider the convenience of witnesses who are employees of a party will not be applied in an action based on the negligence of a town and arising out of a collision of automobiles. In the absence of some special and compelling circumstances, the ends of justice require that such actions shall, in conformity with the general rule, be tried in the county where the cause of action arose. However, no rule of unvarying application can be adopted.

CLARK and TAYLOR, JJ., dissent.

APPEAL by the defendant, Town of Richmond, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 10th day of June, 1925, denying defendant's motion to change the place of trial from Erie county to Ontario county.

*Earle S. Warner,* for the appellant.

*Clark B. Bassett,* for the respondent.

DAVIS, J.:

The complaint alleges negligence on the part of an employee of defendant resulting in plaintiff's injury. At the time of the accident she was a passenger in an automobile driven along a dirt road in the defendant town. Defendant's truck was proceeding along the road in an opposite direction. There was no collision between the vehicles, but the accident is alleged to have occurred because the automobile was forced off the highway through the negligence of the driver of the truck.

The defendant is a town in Ontario county. The plaintiff has brought the action in Erie county where she resides. Defendant moved to change the place of trial to Ontario county on the ground that the convenience of material witnesses and the ends of justice will be promoted by such change. The motion was denied.

It appears that the number of material witnesses necessary to be called on either side is substantially the same. Under such circumstances and in the absence of some special reason for retaining the place of trial in the county of plaintiff's residence, it has been frequently held that the place of trial should be changed to the county where the cause of action arose. (*Fluckiger* v. *Haber,* 144 App. Div. 65; *Woodland Lumber & Mfg. Co.* v. *Barnett,* 185 id. 572; *Cole* v. *Ocean Accident, etc., Corp.,* 179 id. 442.)

In this case we think the principle just stated is particularly applicable. Within recent years the means of travel and transportation on the highways have been greatly changed by the invention of the automobile and its common use. Traffic has thereby greatly increased. Many people are now traveling for pleasure, convenience or business to places remote from their residences. This would have been impossible, or at least impracticable, before the advent of the automobile. To these facts are due our present improved highways built at the expense of the State or at the joint expense of the State an l municipalities. For the same reason the system of making, maintaining and repairing town roads has changed from the former simple method of labor by the inhabitants to the money system, which requires the work done by a special force of men paid from money raised by taxes. The automobile traffic has rendered it necessary to maintain roads and bridges in a much better condition than in the time of horse-drawn vehicles. These better roads and the additional taxation to maintain them have not been required so much by local needs as by the necessity of providing accommodation to travelers from afar. This duty of maintaining good roads is, of course, one which each municipal

corporation owes to the people of the State, but the burden is not thereby less onerous.

A town must, of course, respond in damages to those injured through the negligence of officials and employees who are charged with the duty of maintaining the highways in a suitable condition for public travel. We may take notice of the many actions now being brought in our courts against such municipalities. Some have merit and others have none, being based on some slight defect in a highway or bridge, or on some act of an employee, not amounting to negligence. The officers must defend all these suits, and the expense is often considerable. Ordinarily the public interest requires that town officials and highway employees should not be required to suspend their functions to go to distant parts of the State to defend such actions but should be permitted as far as possible to give uninterrupted attention to their duties. (*Schulz* v. *Hudson Valley R. Co.*, 147 App. Div. 788; *Rice* v. *Village of Peekskill*, 211 id. 814.)

The general rule that the court will not consider the convenience of witnesses who are employees of a party, will not be applied in such a case as this. In the absence of some special and compelling circumstances we think the ends of justice require that such actions should be tried in the county where the cause of action arose. A party who with others has been able to get within the borders of a county at the time the alleged negligence occurred, may not ordinarily find it difficult to come again with witnesses to try the action brought for damages.

No rule of unvarying application can, of course, be adopted. The courts must be guided in the exercise of their discretion by the particular facts presented. But in this case we think the place of trial should be changed to Ontario county; and that the order denying defendant's motion should be reversed, with ten dollars costs, and the motion granted, with ten dollars costs.

Hubbs, P. J., and Sears, J., concur; Clark and Taylor, JJ., dissent and vote for affirmance on the ground that the facts in this particular case do not bring it within the principles stated in the opinion.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide event.