lant.— Order reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, the order to provide that appellant have leave to intervene in this action. Although the order to show cause obtained by appellant did not in terms ask leave to intervene, such leave was asked for in her affidavit and the order to show cause contained a prayer for general relief. We think, therefore, that this court may cure the irregularity in question and permit appellant to intervene. In our opinion, the direction to pay taxes, water rates, etc., contained in the order appointing respondent receiver, is mandatory. (*Frankenstein* v. *Hamburger*, 73 App. Div. 352.) Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

CLARA WECKLINE, Respondent, v. MARGARET MUSGRAVE and JOHN MUSGRAVE, Appellants.— Order denying motion to change place of trial from Queens county to Greene county reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The number of material witnesses necessary to be called upon either side being substantially the same, in the absence of some special reason for retaining the place of trial in the county of plaintiff's residence, it should be changed to the county where the cause of action arose. (*Fluckiger* v. *Haber*, 144 App. Div. 65, *Rose* v. *Town of Richmond*, 214 App. Div. 142.) Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

In the Matter of the Application of CARL L. V. EXSELSEN for Admission to the Bar. (From the State of Illinois.) — Application granted. Present — Lazansky, P. J., Rich, Hagarty, Seeger and Carswell, JJ.

JULIUS EMRICH, Respondent, v. HENRY S. LEVY & SON, INC., Appellant. (Appeal No. 1.) — On argument, order denying motion to preclude plaintiff from giving certain evidence reversed upon the law, without costs, and motion granted, without costs, upon authority of *Emrich* v. *Levy & Son, Inc.* (*post*, p. 796), decided herewith, without prejudice to plaintiff to apply for leave to open default in serving bill of particulars. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

JULIUS EMRICH, Respondent, v. HENRY S. LEVY & SON, INC., Appellant. (Appeal No. 2.) — On argument, order denying motion to preclude plaintiff from giving certain evidence reversed upon the law, without costs, and motion granted, without costs, upon authority of *Emrich* v. *Levy & Son, Inc.* (*post*, p. 796), decided herewith, without prejudice to plaintiff to apply for leave to open default in serving bill of particulars. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

KATCHE EMRICH, Respondent, v. HENRY S. LEVY & SON, INC., Appellant.— On argument, order denying motion to preclude plaintiff from giving certain evidence reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, without prejudice to plaintiff to apply for leave to open default in serving bill of particulars. Plaintiff was in default and the court should have granted the motion. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

ETTA AYERVAIS, Respondent, v. AARON REUBEN and REUBEN'S, THAT'S ALL, INC., Appellants.— Motion to dismiss appeal denied upon condition that appellants perfect the appeal for the December term (for which term the case is set down) and be ready for argument when reached, and upon the further condition