THE MAYAGÜEZ DOCK & SHIPPING COMPANY, Petitioner and Appellee, *v.* AUGUSTO R. SOLTERO, SUPERINTENDENT OF INSURANCE, Respondent and Appellant.

No. 5393. Argued June 3, 1931.—Decided June 5, 1931.

*James R. Beverley, Attorney General,* and *Felipe Janer, Assistant Attorney General,* for appellant. *José Sabater* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The Mayagüez Dock & Shipping Company filed in the District Court of Mayagüez an application for a writ of mandamus to compel Augusto R. Soltero, Superintendent of Insurance of Puerto Rico, to issue a license to the petitioner authorizing the latter to insure its workmen. The court summoned the respondent Superintendent to appear before it and show cause, if any, why the writ sought should not issue. The Superintendent appeared and moved for a change of venue to the district of San Juan, where he resides and maintains his office as such Superintendent; and he accompanied his motion with an answer in opposition to the application for the writ.

After filing the above motion, the petitioner for the writ moved the court to retain its jurisdiction of the case on the ground of the convenience of witnesses. In ruling upon the motion for a change of venue filed by the respondent, the court declared that the latter was entitled to a change of venue to San Juan by reason of his residence, but it directed that the case be retained before it on the ground of the convenience of witnesses, and that the proceedings be continued. The present appeal, in which the Mayagüez Dock & Shipping Company has made no appearance, has been taken by the respondent from the above ruling.

After the lower court had declared that the appellant was entitled to a change of venue to the district of his residence, it was without authority to determine what court should take cognizance of the case by reason of the convenience of witnesses and should not have retained the same for further proceedings. In *Clemente* v. *Board of Examiners,* 38 P.R.R. 810, in which a writ of mandamus was sought directed to the Board of Examiners of Engineers, Architects, and Surveyors, we held that the respondent was entitled to a transfer of the case to the District Court of San Juan because the respondent had its residence in the city of San Juan.

A defendant in a personal action is entitled, as a matter of right, to have the action tried in the district of his residence, and the court is without authority to consider, at the instance of the plaintiff, the convenience of witnesses. After the venue has been changed to the proper district, the plaintiff may then move, on the ground of the convenience of witnesses, that the case be returned to the district originally designated in the complaint, if such convenience so requires. This doctrine which we approve appears from the following cases: *Mills & Gibb* v. *Starin,* 119 N. Y. (App. Div.) 336, 104 N.Y.S. 230 and *Lageza* v. *Chelsea Fibre Mills,* 135 N. Y. (App. Div.) 731, 119 N.Y.S. 906.

The order appealed from must be reversed and the case

remanded to the lower court with directions to grant the change of venue demanded by the respondent.