CLARENCE ACKERMAN, Respondent, *v.* JOSEPH L. CUMMISKEY and Another, Appellants.

Fourth Department, October 5, 1932.

*Hastings, Hornburg & Andrews* [*Leighton T. Wade* and *Earnest C. Hornburg* of counsel], for the appellants.

*Frederick Wiedman* [*Floyd G. McDermott* of counsel], for the respondent.

THOMPSON, J. An automobile owned by plaintiff came into collision with a truck owned by defendants in the city of Olean in Cattaraugus county. Plaintiff has sued defendants for damages arising out of the accident in the county of Monroe, where he resides. Defendants reside in the State of Pennsylvania. Defendants moved at Special Term for the change of the place of trial of the action from Monroe to Cattaraugus county, on the ground of convenience of witnesses. Here we have the appeal from the order of the Special Term denying the motion.

This is a transitory action. It arose and it appears that the majority of the material witnesses reside in Cattaraugus county. For these reasons the trial should be had there (*Fluckiger* v. *Haber*, 144 App. Div. 65, 66; *Rose* v. *Town of Richmond*, 214 id. 142; *Schwartz* v. *Wilbur*, 211 id. 806; *Rice* v. *Village of Cobleskill*, Id. 814), unless as plaintiff, respondent, urges, defendants, appellants, being residents of the State of Pennsylvania, and respondent a resident of the State of New York, respondent has the right to have the action tried in the county where he resides, without regard to the convenience of witnesses.

Section 182 of the Civil Practice Act provides that actions in the Supreme Court must be tried in the county in which one of the parties resides. Section 187 of the Civil Practice Act provides that the court may change the place of trial of an action in the Supreme Court when the convenience of material witnesses and the ends of justice will be promoted by the change. These sections are interrelated and must be read together. (*Gelderman* v. *Fisher*, 211 App. Div. 862.)

The fact that a moving party is a non-resident does not preclude the court from changing the place of trial from the county of the other parties' residence to another county where the convenience of material witnesses and the ends of justice will be promoted by the change. (*Behrman* v. *Pioneer Pearl Button Co.*, 190 App. Div. 843.) It has long been the law that a motion to change the place of trial to another county, on the ground that that county is the proper county, cannot be defeated by a showing that the con-

venience of witnesses will be served by the retention of the venue in the county named. (*Lageza* v. *Chelsea Fibre Mills*, 135 App. Div. 731; *Gorman* v. *South Boston Iron Co.*, 32 Hun, 71; *Mills & Gibb* v. *Starin*, 119 App. Div. 336.) However, after a change of venue to the proper county has been made, a motion will lie to change the venue to some other county, on the ground of the convenience of witnesses, whether it be to the original county in which the action was brought or to a county where neither of the parties resides. (*Veeder* v. *Baker*, 83 N. Y. 156; *Culver* v. *Union National Bank*, 212 App. Div. 766.) The rule in this respect, established under the old Code, was not changed by sections 984, 986 and 987 of the Code of Civil Procedure (now sections 182 and 187 of the Civil Practice Act, and rule 146 of the Rules of Civil Practice). (*Hausmann* v. *Moore*, 7 App. Div. 459.) Now, under section 117 of the Civil Practice Act (former section 768 of the Code of Civil Procedure, as amended by chapter 763 of the Laws of 1911) a cross-motion for the retention of the place of trial in the county where the action is brought, or to change it to some other county, on the ground that the convenience of witnesses will be promoted thereby, may be made by the adverse party in motions to change the venue of an action to the county of the movant's residence. (*Johnson* v. *Millard*, 199 App. Div. 73; *Behrman* v. *Pioneer Pearl Button Co.*, *supra*.)

The conclusion we reach is not in conflict with the case of *Roberts* v. *Roberts* (181 App. Div. 886), where it is held that a non-resident plaintiff cannot defeat the right of a resident defendant to have the trial of the action in the county of his residence by proof that the convenience of witnesses and the ends of justice will be promoted by retaining it in the county in which it was brought. The court based its decision on *Veeder* v. *Baker* and *Lageza* v. *Chelsea Fibre Mills* (*supra*), both of which hold, as we see above, that while the question of the convenience of witnesses may not be considered on a motion to change the place of trial upon the ground that it was not brought in the proper county, a motion to change the place of trial for the convenience of material witnesses may be made after the case has been sent to the proper county. In passing it should also be observed that the facts with reference to the convenience of witnesses were not presented by cross-motion. (Civ. Prac. Act, § 117; *Behrman* v. *Pioneer Pearl Button Co.*, *supra*.) Moved by these considerations, we find nothing in this case to support a determination contrary to the one at which we have arrived.

The accident out of which this action grew occurred in the county of Cattaraugus, and the greater number of witnesses have their

residence there. In such circumstances it seems that the ends of justice require that the trial be had in that county.

For these reasons the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event.