DENICE JOHNSON, Appellant, *v.* GEORGE W. PAPEN, Respondent.

Third Department, November 18, 1932.

*Leary & Fullerton* [*John F. Doyle* of counsel], for the appellant.

*Carter & Conboy,* for the respondent.

PER CURIAM. The defendant moved to change the place of trial from Saratoga to Albany county for the convenience of witnesses under subdivision 3 of section 187 of the Civil Practice Act. The Special Term announced that it denied the motion, stating that the cause of action arose in Saratoga county; that the parties reside in Albany county, and that instead of moving under rule 146 of the Rules of Civil Practice for a change to the proper county (citing Civ. Prac. Act, § 182), the defendant urges as the ground for change, the convenience of witnesses. But before an order was entered, by consent of parties, a reargument was had and the defendant asked that the place of trial be changed to Albany county as the proper county. Defendant had before made due demand for the change of the place of trial on this ground. The reargument having been had, the court held that, upon a motion

to change the place of trial for the convenience of witnesses, it could change the place of trial to the proper county, citing *McConihe* v. *Palmer* (76 Hun, 116); *Cronin* v. *Manhattan Transit Co.* (124 App. Div. 543), and concluded: " In view of the authorities above cited to the effect that the failure to move on the ground of the proper county, does not waive the right to have the motion considered upon that ground where a motion for change of place of trial is made, I am constrained to grant the motion."

After the place of trial has been changed to the proper county, the court may change the place of trial for the convenience of witnesses, under subdivision 3 of section 187 of the Civil Practice Act. (*Lageza* v. *Chelsea Fibre Mills*, 135 App. Div. 731.) The record does not disclose that the consent to reargument brought before the court a motion by plaintiff under subdivision 3 of section 187 of the Civil Practice Act, although the affidavits were before it. There was no cross-motion.

However, the right of the plaintiff to move under section 187, subdivision 3, is not lost. Authority is given in that section not to retain the place of trial, but to change the place of trial. (*Behrman* v. *Pioneer Pearl Button Co.*, 190 App. Div. 843; *Veeder* v. *Baker*, 83 N. Y. 156, 161, 162.)

The order should be affirmed, with ten dollars costs and disbursements.

VAN KIRK, P. J., HINMAN, HILL, RHODES and CRAPSER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.