John R. Dunlap, Plaintiff, *v.* Joseph Paterno, Defendant. (Action No. 1.)

John V. W. Reynders, Plaintiff, *v.* Joseph Paterno, Defendant. (Action No. 2.)

Clare Charlton Reynders, Plaintiff, *v.* Joseph Paterno, Defendant. (Action No. 3.)

Supreme Court, Franklin County, March 20, 1933.

*F. Ferris Hewitt*, for the plaintiffs.

*Bigham, Englar, Jones & Houston* [*Isham & Isham* of counsel], for the defendant.

Lawrence, J. The above actions are for alleged negligence. They apparently arise out of the same transaction, viz., the collision of two boats on one of the Saranac lakes in Franklin county.

The defendant in each case is a resident of Bronx county. The plaintiff John R. Dunlap claims to be a resident of Franklin county. His residence is questioned by the defendant. The other two plaintiffs are residents of New York city and county. The papers indicate that a greater number of material witnesses, not including the parties, reside in Franklin county than reside in New York city.

The defendant moves to change the place of trial from Franklin county to Bronx county, claiming Bronx county as the proper county under section 182 of the Civil Practice Act and that the convenience of witnesses cannot be considered on motion. The attorney for the plaintiff makes a cross-motion under section 187

of the Civil Practice Act to have the place of trial retained in Franklin county for the convenience of witnesses.

Apparently the actions should be consolidated, but consolidation is not asked for in any of the papers.

Defendant relies on *Culver* v. *Union National Bank of Troy* (212 App. Div. 766) as supporting his contention. The attorney for the plaintiffs relies on *Ackerman* v. *Cummiskey* (236 App. Div. 519) as supporting his contention that the place of trial should not be changed.

I have a feeling that these cases should be consolidated and tried in Franklin county. The cause of action arose in Franklin county. Apparently the convenience of witnesses would be promoted by its retention in Franklin county. The action would doubtless reach an earlier determination in Franklin county. The tendency, as I gather it from various decisions, is to have such matters decided on one motion to save expense to litigants (See *Buxbaum* v. *Paulsen*, 95 Misc. 717), but in view of the decision of the Third Department (212 App. Div. 766) by which I should be governed, holding that the motion for change for the convenience of witnesses cannot be made until the case has been removed to the proper county, I order that the place of trial in actions Nos. 2 and 3 be changed to Bronx county, and that the place of trial in action No. 1 be retained in Franklin county, as in that case Franklin county may be considered the proper county.