Rose M. McDaniels, as Administratrix, etc., of John H. McDaniels, Deceased, Appellant, v. Charles E. Doubleday, Respondent.

Rhoda Cohen, as Administratrix, etc., of Irving Cohen, Deceased, Appellant, v. Charles E. Doubleday, Respondent.

Rose M. McDaniels, Appellant, v. Charles E. Doubleday, Respondent.

Rhoda Cohen, Appellant, v. Charles E. Doubleday, Respondent.

Third Department, March 23, 1934.

*Lawrence M. Mintz* [*Harold E. Simpson* of counsel], for the appellants.

*Eldrich J. Willis*, for the respondent.

Bliss, J. This is an appeal by the plaintiffs from orders changing the place of trial from Tompkins county to Yates county and denying plaintiffs' cross-motion to retain the place of trial in Tompkins county. The actions arose out of an automobile accident which happened in the county of Seneca. The plaintiffs reside in the county of Dutchess and the defendant resides in the county of Yates. After a demand which was not complied with, the defendant moved to change the venue from Tompkins county to Yates county on the ground that Yates was the proper county. The plaintiffs

cross-moved under section 117 of the Civil Practice Act to retain the venue in Tompkins county on the ground of the convenience of witnesses.

On the authority of *Culver* v. *Union National Bank* (212 App. Div. 766) the respondent questions the right of the plaintiffs to make this cross-motion and urges that the motion to retain the place of trial for the convenience of witnesses in the county of original venue may not be considered until the place of trial has been changed to the proper county.

This identical question was before our court in *Tarbell* v. *Banks* (195 App. Div. 918), although the reported memorandum decision does not indicate to the profession the nature of the question there arising. In the *Tarbell* case plaintiff was a non-resident and defendant resided in Chenango county of this State. The action was commenced in Saratoga county and defendant moved to change the place of trial to Chenango county on the ground that Chenango was the proper county. The plaintiff by a cross-motion asked that the venue be retained in Saratoga county on the ground of convenience of witnesses. The Special Term denied the defendant's motion and granted plaintiff's cross-motion. Upon appeal to our court the defendant, appellant, raised the identical question which we have here as to the right of the plaintiff to make this cross-motion before the action was transferred to the proper county. Our court affirmed the court below without opinion.

Section 117 of the Civil Practice Act provides: " At least three days prior to the time at which the motion is noticed to be heard, he may serve upon the attorney for the moving party a notice, with or without affidavits or other papers in support thereof, specifying *any kind or kinds of relief in the alternative or otherwise to which he claims to be entitled in the action, whether the relief so asked for be responsive or not to the relief asked for by the moving party.*" The statute thus clearly authorizes this counter-motion. To say that a motion must first be made and decided changing the place of trial to the proper county and that an adverse party must wait until then to move the case back into the county of original venue on the grounds of convenience of witnesses is contrary to the spirit of the Civil Practice Act and expeditious practice. It makes for delay, causes litigants unnecessary inconvenience and expense and clutters up the courts with useless motions. A speedy administration of justice is desirable and preliminary matters should be disposed of with dispatch.

This holding is consistent with the rule in the Appellate Division, First Department, as laid down in *Behrman* v. *Pioneer Pearl Button Co.* (190 App. Div. 845 [1920]). A similar view is entertained by

the Appellate Division, Fourth Department, where THOMPSON, J., writing for a unanimous court in *Ackerman* v. *Cummiskey* (236 App. Div. 519 [1932]), says: " Now, under section 117 of the Civil Practice Act (former section 768 of the Code of Civil Procedure, as amended by chapter 763 of the Laws of 1911) a cross-motion for the retention of the place of trial in the county where the action is brought, or to change it to some other county, on the ground that the convenience of witnesses will be promoted thereby, may be made by the adverse party in motions to change the venue of an action to the county of the movant's residence. (*Johnson* v. *Millard*, 199 App. Div. 73; *Behrman* v. *Pioneer Pearl Button Co.*, *supra*.)"

The respondent relies on *Culver* v. *Union National Bank* (212 App. Div. 766). An examination of the record on appeal and the opinion of our court in that case shows that the question here considered was not then before the court. In that action the plaintiff was a resident of the State of New Jersey and the defendant of the county of Rensselaer in the State of New York. Venue was laid in New York county. Defendant moved at a Special Term held in New York county, before issue was joined, to change the place of trial to Rensselaer as the proper county. Plaintiff moved at the same term to retain the venue in New York county for the convenience of witnesses. The Special Term denied the defendant's motion and granted plaintiff's motion. On appeal to the Appellate Division, First Department, these orders were reversed without opinion (*Culver* v. *Murray*, 208 App. Div. 845), and defendant's motion to change the place of trial to Rensselaer county granted. The plaintiff then moved at Special Term in the Third District to change the place of trial back to New York county on the ground of convenience of witnesses, which motion was denied and from that denial an appeal was taken. The defendants argued in our court that this issue was *res judicata*. Our court wrote that the defendants were mistaken in this respect and proceeded to state that on a motion to change the place of trial to the proper county the convenience of witnesses may not be considered and that it may be considered, after the change has been made, upon a motion to return the case to the original county, even though that county is one wherein none of the parties reside. In support of this statement were cited several cases, all of which were decided before the amendment to section 768 of the Code of Civil Procedure by chapter 763 of the Laws of 1911, which permitted cross-motions by an adverse party for any kind of relief, whether the relief so asked be responsive or not to the relief asked for by the moving party and is now incorporated in section 117 of the Civil Practice Act. In the *Culver* case

in our court the propriety of a cross-motion such as the one here in issue was not before the court and the language of the opinion discussing that subject was not necessary to the decision in that case.

Now as to the merits of this counter-motion. It appears from the affidavits in support thereof that immediately after the accident, the two living plaintiffs and their decedents were taken to the hospital in the nearby city of Ithaca, Tompkins county, and there attended by several doctors and nurses, residents of said county. Some of these doctors participated in autopsies of the two men who died after the accident and the cause of whose death is in issue. Five nurses attended the injured persons while in the hospital. In addition thereto an auto mechanic and chauffeur residing in Tompkins county are witnesses for plaintiffs. It is alleged and the proof by affidavit substantiates the claim that they are all necessary and material witnesses. The defendant has submitted no proof in opposition to this cross-motion and has failed to show that there are any witnesses whatsoever residing in Yates county. Upon the merits, therefore, it is apparent that there was an abuse of discretion by the Special Term.

The orders granting defendant's motion to change the place of trial to Yates county should be reversed with ten dollars costs and disbursements in one action, and the motions denied, and said orders denying the plaintiffs' motion to retain the venue in Tompkins county should be reversed, with ten dollars costs in one action, and plaintiffs' said motion granted.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

Orders reversed on the law and facts, with ten dollars costs and disbursements in one action, and plaintiffs' cross-motion to retain the venue in Tompkins county is granted, with ten dollars costs in one action.