MAX COHEN et al., Copartners, Doing Business as REGAL GLASS COMPANY, Plaintiffs, *v.* SELDEN RING, Doing Business as RING OPTICAL CO., Defendant.

Supreme Court, Special Term, Monroe County, February 4, 1946.

*Branch, Rosenberg & Branch* for defendant.

*Harry A. Sessions* for plaintiffs.

VAN VOORHIS, J. This motion to change the place of trial was made upon two grounds: viz., that New York County is not the proper county and that the convenience of witnesses and the ends of justice will likewise be promoted by changing the place of trial to Monroe County. Subsequently it became revealed to the moving party that at least one of the plaintiffs does reside in New York County. Consequently upon the argument the ground that New York County is not the proper county was abandoned as a basis for granting the motion. Serving the convenience of witnesses and promoting the ends of justice have become the sole grounds for the motion.

A preliminary objection has been raised in behalf of plaintiffs to the hearing of this motion in Monroe County. They contend that the defendant must make the motion in New York County where the venue has been laid. Rule 146 of the Rules of Civil Practice empowered the Monroe County Special Term to entertain the motion so long as the ground for it was that Monroe and not New York is the proper county for the trial of the action. This rule provides that where a demand has been made that the action be tried in the proper county, " If the plaintiff fail to serve upon the defendant, within five days after service of the demand, an affidavit which shall set forth facts showing either that the county which the defendant claims is the proper county is not the proper one or that the county

designated in the summons or complaint as the place of trial is the proper one, the defendant may, at his option, for the purposes of such motion, regard the county which he claims is the proper one as the county in which the action is triable within the meaning of rule sixty-three of these rules, and he may accordingly make the motion in the judicial district embracing such county, or in an adjoining county as provided in rule sixty-three." Rule 146 has no application, however, where the ground is that the convenience of witnesses and the ends of justice will be promoted (*Ackerman* v. *Cummiskey*, 236 App. Div. 519). Hence, subdivision 2 of rule 63 governs requiring the motion to be made in the district where the action is triable. No exception to rule 63 is made by rule 146 except where the ground of the motion is that the action be tried in the proper county.

This is not a motion to consolidate actions pending in counties situated in different judicial districts; in such case the motion has to be made in one district or the other, and rule 63 is regarded as being superseded by section 96 of the Civil Practice Act (*Lee* v. *Schmeltzer*, 229 App. Div. 206). That differs from the present situation where there is but one action pending in a single county. Rule 63 requires that this motion shall be made in the judicial district embracing that county.

It does not help the defendant that his motion was originally brought also upon the ground that Monroe and not New York is the proper county. That ground has been eliminated, and the situation is the same as though the motion had originally been brought exclusively to promote the convenience of witnesses and the ends of justice.

The motion to change the place of trial is denied, with $10 costs to abide the event. This determination is, of course, without prejudice to the making of a similar motion in New York County.