Samuel A. Samuels et al., Doing Business under the Name of The Solvosol Company, Plaintiffs, *v.* Empire Paper Goods Co., Inc., Defendant.

Supreme Court, Special Term, Albany County, February 11, 1949.

*Isador Taub* for defendant.

*Leonard Port* for plaintiffs.

Taylor, J. This is a motion to change the venue of the action from New York County to Albany County on the ground that the latter county is the proper one and on the further ground that the convenience of witnesses and the ends of justice will be promoted thereby.

The action is to recover for goods sold and delivered. With the answer, pursuant to rule 146 of the Rules of Civil Practice, the defendant served a written demand that the action be tried in Albany County which, it contends, is the proper county. The plaintiffs failed to serve a written consent to the change of venue to that county and also defaulted in serving the affidavit "showing either that the county which the defendant claims is the proper county is not the proper one or that the county designated in the summons or complaint as the place of trial is the proper one * * * ". Hence, the motion is properly brought in the Third Judicial District. (*Linder* v. *Elmira Assn. of Commerce,* 192 Misc. 830; *Berwick* v. *Berwick,* 47 N. Y. S. 2d, 86; Rules Civ. Prac., rule 146.)

However, the plaintiffs by their failure to serve the affidavit mentioned in the rule are not precluded from contesting the merits of the claim for a change of venue. (*McDermott* v. *McDermott,* 267 App. Div. 171.)

The moving affidavit asserts that the defendant, a corporation, has its office and place of business in the county of Albany. The answering affidavit of the plaintiffs asserts both that the plaintiffs reside in New York County and that they have a place of business therein. That assertion is not contradicted or denied by the defendant. It is apparent, therefore, that New York County is the proper county in which to lay the venue. (Civ. Prac. Act, § 182.)

Any motion to change the venue therefrom upon the ground that the convenience of witnesses and the ends of justice will be promoted thereby must be made within the judicial district in which the action is triable. (Rules Civ. Prac., rule 63; *Cohen* v. *Ring,* 186 Misc. 122; *Ackerman* v. *Cummiskey,* 236 App. Div. 519.)

Rule 146 insofar as the judicial district wherein the motion may be made is concerned, alters the effect of rule 63 only if the motion is based upon the ground that the county designated for the place of trial is not the proper county. The rule is limited to such motions and may not be extended to motions based upon the convenience of witnesses. In the instant case such a motion must be made in the First Judicial District wherein New York County is located.

The motion is denied, without costs and without prejudice insofar as it is based upon the contention that the convenience of witnesses and the ends of justice will be promoted thereby.

Submit order.