Per Curiam.

The action is one for damages for breach of
contract of employment. By designation in the summons and complaint, venue was laid in the Supreme Court, Chemung County. Before answer the defendant served a demand for a change of venue, which stated: “ I hereby demand that the place of trial of this action be changed from the County of Chemung to the proper County, to wit: the County of New York. Such change is demanded on the grounds that said cause of action, if any, arose in the County of New York, and that the convenience of witnesses and the ends of justice will be promoted by such change.”
The defendant apparently considered that the demand was one pursuant to rule 146 of the Rules of Civil Practice. The plaintiff quite properly construed the demand otherwise in view of the fact that it was not confined to a claim that Chemung was not the proper county. The plaintiff did not consent to the change sought, nor did it serve an affidavit as provided in rule 146.
The defendant then moved for change of venue in New York County. Thus, it was attempting to take advantage of the option afforded by rule 146 to move in the county which it deemed the proper county. Whatever doubt may have existed in view of the nature of the demand, clearly in the notice of motion the defendant made no claim that Chemung was not the proper county. It asserted as grounds for the change of venue that the cause of action arose in New York County, and that the convenience of witnesses and the ends of justice would be promoted by such change. The action is not one specified in section 184 of the Civil Practice Act. Therefore, the county in which the cause of action arose would not determine the proper county in this case. The convenience of witnesses does not control the question of proper county under rule 146. This rule relates solely to change of venue where the action is not brought in the proper county, and one proceeding under it must rely on that ground alone.
In answer to the present motion the plaintiff submitted an affidavit showing that he was a resident of Chemung County. *13 Defendant submits no proof to the contrary. Therefore, Chemung was clearly the proper county, although the defendant was doing business in New York County where the contract was made (Civ. Prac. Act, § 182).
Accordingly, it appears that the motion for change of venue on the grounds asserted was improperly made in New York County (Rules Civ. Prac., rule 63; Cohen v. Ring, 186 Misc. 122).
We might add that even if the merits of the claim for a change of venue based on convenience of witnesses had been presented to the proper court, it would be necessary to hold that the defendant’s papers are defective in failing to set forth the names of the defendant’s witnesses or to state the facts to which such witnesses would testify (see McDermott v. McDermott, 267 App. Div. 171).
The order appealed from should be reversed, with $20 costs and disbursements, and the motion denied, without prejudice to renewal in the proper county upon other and sufficient papers showing the convenience of witnesses.
Peck, P. J., Does, Callahan, Van Voobhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied, without prejudice to renewal in the proper county upon other and sufficient papers showing the convenience of witnesses.