Clarence JY Henry, J.
Venue for the underlying action herein (breach of contract) has been laid in New York County.
Coincident with service of the answer, defendants served a demand, under rule 146 of the Rules of Civil Practice for a change of .venue to Monroe County on the stated grounds that the.latter county was the proper county and that the convenience of witnesses and the ends of justice would be thereby promoted. Upon failure of the plaintiffs to serve an opposing affidavit showing that. Monroe County is not a proper county or that New York County is a proper county, as required by the rule, defendants have moved in Monroe Special Term for an order directing the change.
Oddly enough, despite the inclusion in the demand of a claim that the venue had been laid in an improper county, and support therefor appearing in the affidavits submitted in connection with the motion which indicate that neither plaintiff is a resident of New York County and that the certificate of incorporation oí one of the defendants specifies the City of Rochester, in Monroe County, as its principal place of business, the defendants’ notice of motion and request for relief in the moving affidavit are based solely on the grounds that convenience of witnesses and the interests of justice will be promoted by the change.
Plaintiffs contest the jurisdiction of the Monroe Special Term to entertain the motion. This they may still do, regardless of their failure to respond to the demand (Samuels v. Empire Paper Goods Co., 194 Misc. 871), and it appears that their position is well taken.
Ordinarily, motions on notice in an action must be made within the judicial district which embraces the county in which the venue is laid, or in a county adjoining such county — but *961 if laid in the First Judicial District (containing New York County), only in that district (Bules Civ. Prac., rule 63, subds. 1, 2). An exception is made where a defendant claims that the designated county of venue is not a proper one as defined by section 187 of the Civil Practice Act. Buie 146 provides for a demand on the part of the defendant for a change of venue to a county he claims as a proper one and, the plaintiff failing to respond with an affidavit setting forth facts which show that the defendant’s demanded county is an improper one or that the plaintiff’s designated county is a proper one, the defendant may then move in the district containing the demanded county for an order effecting a change of venue to that county — but only on the ground that the designated county is an improper one and the demanded county is a proper one. The exception provided in rule 146 goes no further than this, and no jurisdiction is conferred upon the district embracing the demanded county to act upon the other grounds set forth in subdivisions 2 and 3 of section 187 whereby a change of venue may be obtained. (Cohen v. Ring, 186 Misc. 122; Samuels v. Empire Paper Goods Co., 194 Misc. 871, supra; Ackerman v. Cummiskey, 236 App. Div. 519; Nevelson v. Piesner, 272 App. Div. 555; Upstate Tel-Hotel Corp. v. Prospect House Corp., 12 A D 2d 876.)
As the defendants herein have based their motion herein upon grounds which can only be entertained in.the First Judicial District, which contains the county in which the venue has been laid, it must be dismissed for lack of jurisdiction. No rescue from this situation is provided by section 117 of the Civil Practice Act (see Nevelson v. Piesner, 272 App. Div. 555, 558). Matthews v. Ruggieri (135 N. Y. S. 2nd 117) relied on by the defendants, does not extend the application of rule 146 beyond the limits above outlined.
Motion denied, with $10 costs, without prejudice to a motion in the First Judicial District upon the ground of the motion herein and, it appearing from the submitted affidavits that Monroe County may be the sole proper county under section 187, without prejudice to a further motion in the Seventh Judicial District on that ground.