■ Fannie Dickman et al., Appellants, v. Rudolph Stummer, Respondent.— The several causes of action alleged in a single complaint arose out of an automobile accident which occurred in Sullivan County. After the summons and complaint were served, defendant duly demanded that the place of trial be changed from the County of Sullivan where the venue had been laid to the County of Kings on the ground that the latter was the proper county. Upon the plaintiffs' failure to serve a written consent to the change as proposed, defendant then moved to transfer the venue of the actions. Plaintiffs by cross motion sought to retain their venue in Sullivan County on

the grounds not only that it was the proper county but also that the convenience of material witnesses and the ends of justice would be promoted thereby. Special Term granted defendant's motion and denied plaintiffs' cross motion *in toto*. The appeal is from so much of the order entered thereon as denied the cross motion on the latter grounds. The court to which an application has been made to change the place of trial to a proper county has power to grant a cross motion to retain the venue in the county named for the convenience of material witnesses and the promotion of the ends of justice. (*McDaniels* v. *Doubleday*, 241 App. Div. 51, 52–54; *Beaudrias* v. *City of New York*, 259 App. Div. 719; *Prime* v. *Henderson*, 282 App. Div. 1071; *Laduke* v. *Bond*, 284 App. Div. 859; Civ. Prac. Act, § 187; 6 Carmody-Wait, New York Practice, § 46, pp. 146–147.) As to the merits plaintiffs' supporting affidavit states: (1) that the convenience of a lay witness whose testimony would be material on the issue of liability would be served by the retention; (2) that three physicians residing in Sullivan County gave initial medical treatment to plaintiffs and (3) that in view of the comparative calendar conditions prevailing in the respective counties a substantially earlier trial can be had in Sullivan County than in Kings County. The countervailing affidavit submitted does not controvert these allegations. Moreover where, as here, no reason was advanced which would compel a contrary result a transitory action should be tried in the county where it arose. Upon the record presented the denial of the cross motion to the extent appealed from constituted an improvident exercise of judicial discretion. Order insofar as appealed from reversed, on the law and the facts, with $10 costs and the cross motion granted, with $10 costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.