Lawrence H. Cooke, J.
Defendant moves “ for an Order directing that the place of trial in this action be changed from the County of New York to the County of Albany pursuant to paragraph three of See. 510 of the Civil Practice Law and Rules on the ground that the convenience of material witnesses and the ends of justice will be promoted by said change. ’ ’ It appears *967 that plaintiff resides in New York County (see CPLR 503, subd. [a]).
The procedures specified in CPLR 511 (subd. [b]) have no application to motions under CPLR 510 (subds. 2, 3) and there is no means of having the motion heard in the county to which movant seeks to have the venue changed, unless it is one of the alternative counties permitted for motions generally by CPLR 2212 (subd. [a]) (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 511.06). Thus, a defendant cannot serve a demand for change of venue and then, upon plaintiff’s failure to respond with an affidavit, move in the county of his choice for a change on the ground of convenience of witnesses and ends of justice (Upstate Tel-Hotel Corp. v. Prospect House Corp., 12 A D 2d 876; Baker v. Pollak & Sons, 277 App. Div. 11; Nevelson v. Piesner, 272 App. Div. 555; Fountainhead Caterers v. Peck, 42 Misc 2d 330; Kirk v. Canbowl Centers, 34 Misc 2d 959, 961; 7 Carmody-Wait 2d, § 48:35, p. 450; Carmody-Forkosch, New York Practice, § 730, n. 55).
Motion denied, with leave to renew in the county designated by plaintiff or in one of the alternative counties permitted by CPLR 2212 (subd. [a]). (See CPLR 2212, subd. [d]).