20-642-cv
Oakley v. Dolan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2020

Argued:  September 25, 2020            Decided: November 16, 2020

Docket No. 20-642

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES OAKLEY,

       Plaintiff - Appellant,

          V.

JAMES DOLAN, IN HIS INDIVIDUAL CAPACITY, IN HIS PROFESSIONAL CAPACITY, MSG NETWORKS, INC., MADISON SQUARE GARDEN COMPANY, MSG SPORTS & ENTERTAINMENT, LLC,

       Defendants - Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before:  NEWMAN, CALABRESI, CARNEY, *Circuit Judges*.

Appeal from a judgment of the District Court for the Southern District of New York (Richard J. Sullivan, Judge), dismissing an amended complaint brought by Charles Oakley against MSG Networks, Inc., The Madison Square Garden Company, and MSG Sports & Entertainment, LLC and James Dolan.

Reversed and remanded as to causes of action for assault and battery; affirmed as to all other causes of action in a summary order filed this date.

Douglas H. Wigdor, Wigdor LLP, New York, NY (Renan F. Varghese, Wigdor LLP, New York, NY, Nelson A. Boxer, Petrillo Klein & Boxer LLP, New York, NY, on the brief), for Plaintiff-Appellant Charles Oakley.

Randy M. Mastro (Akiva Shapiro, Declan T. Conroy, Grace E. Hart, Gibson, Dunn & Crutcher LLP, New York, NY, on the brief), for Defendants-Appellees James Dolan, MSG Networks, Inc., Madison Square Garden Company, and MSG Sports & Entertainment, LLC.

JON O. NEWMAN, *Circuit Judge*:

This appeal concerns the sufficiency of allegations of unreasonable force applied by security personnel endeavoring to remove a spectator from a sports arena. Plaintiff-Appellant Charles Oakley appeals from the February 20, 2020, judgment of the District Court for the Southern District of New York (Richard J. Sullivan, Judge[1]). The judgment dismissed an amended complaint against Defendants-Appellees MSG Networks, Inc., The Madison Square Garden Company, and MSG Sports & Entertainment, LLC (collectively "the MSG Defendants") and James Dolan. We conclude that the allegations of unreasonable

---

[1] Judge Richard J. Sullivan, United States Circuit Judge, sitting by designation. Judge Sullivan was a District Judge when Oakley's complaint was filed. Judge Sullivan retained the case when he became a Circuit Judge in October 2018. All references to the District Court in this opinion are to Judge Sullivan's rulings filed in the District Court.

force sufficed to withstand a motion to dismiss the assault and battery causes of action in the Plaintiff's amended complaint. We therefore reverse in part and remand. The appeal also presents other issues, which we resolve favorably to the Defendants-Appellees in a summary order filed this date.

## Background

Oakley is a former professional basketball player who had a successful career with the New York Knicks basketball team from 1988 to 1998. Dolan is the Executive Chairman of the MSG Defendants, which own and operate Madison Square Garden ("the Garden") and the Knicks.

The Plaintiff filed a complaint in September 2017 and an amended complaint in February 2018, alleging state law claims for assault and battery against the MSG Defendants, arising out of an incident occurring at the Garden on February 8, 2017 ("the Incident"). The amended complaint also alleges other state law claims and a federal claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, against all Defendants, which the summary order considers.[2] This opinion considers the assault and battery claims; the summary order filed this date considers all the other claims.

---

[2] A state law claim for false imprisonment was not asserted against Dolan.

*Plaintiff's allegations.* Oakley alleged the following facts concerning the assault and battery claims. Dolan "constantly disrespected" Oakley and had "security harass him" when he attended games at the Garden. Am. Compt. ¶ 2. On February 8, 2017, Oakley appeared at the Garden to watch a Knicks game. Within minutes of the moment when Oakley took his seat, Dolan directed security "to forcibly remove" Oakley, *id.* ¶ 3, and he "was approached by three large men identifying themselves as being members of [MSG's] security team who ordered him to leave the arena without explanation," *id.* ¶ 34. When Oakley asked why was being forced to leave, one of the security guards "demand[ed] loudly, 'Why are you sitting so close to Mr. Dolan?'" *Id.* ¶ 35. Oakley "attempted to defuse the situation by patiently explaining to the security personnel that he had done nothing wrong and simply wanted to watch the game." *Id.* ¶ 37. Oakley "raised his arms during this encounter, in a defensive posture that clearly conveyed that he had no intention of engaging in any violent behavior." *Id.* ¶ 38. Oakley "attempted to demonstrate that he was capable of watching the game without creating an incident, by turning around and peaceably returning to his seat." *Id.* ¶ 40. He "did not, however, refuse to leave the Garden at the time and merely sought an explanation for why he was being treated

differently than every other fan who had attended the Knicks game that night." *Id*. ¶ 41.

"As he did so, two of the security guards grabbed Mr. Oakley and pushed him to the ground." *Id*. ¶ 42. "In forcibly shoving Mr. Oakley to the ground within seconds of first approaching him, and without any physical threat or provocation from Mr. Oakley, the security guards clearly exceeded the bounds of reasonable behavior and instigated a physical altercation where there otherwise was no need for such violent conduct." *Id*. ¶ 43. "When Mr. Oakley got back to his feet," *id*. ¶ 44, "the security guards further escalated the confrontation by physically grabbing Mr. Oakley to forcibly compel him to leave," *id.* ¶ 45. "Fearing for his safety as he was surrounded by several large security guards, and having already been roughly shoved to the ground once, Mr. Oakley pushed their hands away in self-defense." *Id*. ¶ 46. "Within seconds, Mr. Oakley was forcibly turned around so his back faced security, grabbed by six officers and thrown to the ground." *Id*. ¶ 47. "The security guards further refused Mr. Oakley's repeated requests that he be allowed to stand up, instead crowding around him and impeding his ability to get to his feet." *Id*. ¶ 48. "Mr. Oakley was then put into restraints and the security guards roughly threw him out of the Garden." ¶ 49. "Defendants greatly exceeded the amount of

force that was necessary in the situation, especially since Mr. Oakley had explained repeatedly that he had not done anything wrong and not instigated the violent conduct." *Id*. ¶ 50. Oakley "was ultimately taken outside of the arena, arrested and charged with assault." *Id*. ¶ 51.

Oakley made the following allegations in support of a cause of action for assault. The MSG Defendants "intentionally placed Plaintiff in imminent fear of harmful and/or offensive conduct when, *inter alia*, they physically and forcibly removed Plaintiff from the Garden . . . ." *Id*. ¶ 123. "As a direct and proximate result of [the MSG Defendants'] tortious conduct, Plaintiff has suffered and continues to suffer harm . . . ." *Id*. ¶ 125. He made the following allegations in support of a cause of action for battery. The MSG Defendants "intentionally and wrongfully physically contacted Plaintiff without his consent when, *inter alia*, they physically and forcibly removed Plaintiff from the Garden . . . ." *Id*. ¶ 127. "As a direct and proximate result of [the MSG Defendants'] tortious conduct, Plaintiff has suffered and continues to suffer harm . . . ." *Id*. ¶ 128. Plaintiff's pleading of both the assault and the battery causes of action incorporated his factual allegations.

*Dismissal of the amended complaint*. On February 19, 2020, the District Court granted the Defendants' motion to dismiss the amended complaint. *See Oakley v.*

*Dolan*, No. 17-cv-6903 (RJS), 2020 WL 818920 (S.D.N.Y. Feb. 19, 2020). The District Court recognized that, to defeat a motion to dismiss a complaint, a plaintiff must allege "'enough facts to state a claim [for] relief that is plausible on its face,'" *id*. at *3 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and that "a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff," *id*. at *4 (citing *ATSI Communications, Inc. v. Schaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).[3]

Turning to the assault and battery claims, the Court first observed that "'a property owner has the right to use reasonable force to eject a trespasser from its premises,'" *id*. at *12 (quoting *Mitchell v. New York University*, No. 150622/2013, 2014 WL 123255, at *1 (N.Y. Sup. Ct. Jan. 8, 2014), and then acknowledged that "the use of unnecessary force or evidence of intent to injure . . . removes the privilege," *id*. The Court further explained that "the MSG Defendants had the right to expel Oakley from the Garden and that his refusal to leave justified their use of reasonable force to remove him – a licensee who became a trespasser by refusing to leave their property after being directed to do so." *Id*. at *13. The Court cited *Impastato v.*

---

[3] The District Court also ruled that, in resolving the motion to dismiss, it would not consider certain videos of the February 8, 2017 incident that the MSG Defendants submitted in support of their motion to dismiss. Oakley makes no claim on appeal that this was error.

7

*Hellman Enterprises, Inc.*, 147 A.D. 788, 789, 537 N.Y.S.2d 659 (N.Y. App. Div. 1989), for the proposition that "[a]n admission ticket to a place of public amusement is merely a license which is revocable, without cause, at the will of the proprietor." *Oakley*, 2020 WL 818920, at *13 (internal quotation marks omitted).

The Court understood Oakley's claim to be that "the guards' use of force was unreasonable because he did 'nothing wrong and simply wanted to watch the game in peace.'" *Id.* (quoting Am. Compt. ¶ 37). Then, considering whether the force used was unreasonable, the Court stated that "the mere allegation that the guards subsequently 'grabbed [him] and pushed him to the ground [citing Am. Compt. ¶ 42]' is not enough to demonstrate unreasonable force, *see, e.g., Kalfus v. N.Y. Presbyterian Hospital*, 476 F. App'x 877, 880-81 (2d Cir. 2012) (explaining that police officers' pushing trespasser onto the ground while arresting him to remove him from the premises after he refused to leave was reasonable force)." *Oakley*, 2020 WL 818920, at *13. The Court continued, "Nowhere does Oakley allege that the guards intended to injure him, and his description of the events as they unfolded does not support an inference of excessive or unreasonable force." *Id*. The Court understood Oakley to have alleged that "It was only after Oakley *slapped* the guards' hands away 'in self-defense' that three more security guards arrived on the scene and

forced him to the ground and 'imped[ed] his ability to' stand up."[4] *Id.* (quoting Am.

Compt. ¶¶ 46-48) (emphasis added). The Court concluded, "Notably, the Amended

Complaint nowhere alleges that Oakley was in fact injured . . . ," "Oakley makes no

allegation that the force used by Garden officials was unreasonable," and "Oakley

has not alleged any facts to suggest that the guards' use of force was excessive . . . ."

*Id*. at *13-14 The Court therefore dismissed the assault and battery claims. *See id*. at

*14.

## Discussion

We review *de novo* dismissal of a complaint for failure to state a valid claim,

*CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017), and,

like the District Court, we are to determine whether the amended complaint alleges

"enough facts to state a claim [for] relief that is plausible on its face," *Bell Atlantic*

*Corp.* 550 U.S. at 570, and to "accept[] all factual allegations as true and draw[] all

reasonable inferences in the plaintiff's favor," *CBF Indústria de Gusa S/A*, 850 F.3d at

77.

The Plaintiff alleged that MSG security guards "grabbed" him, "pushed him

to the ground," Am. Compt. ¶ 42, and "forcibly shov[ed] [him] to the ground" *id*.

---

[4] Oakley alleged that he "*pushed* their hands away in self-defense." Am. Compt. ¶ 46 (emphasis added).

¶ 43. Oakley further alleged that when he "got back to his feet," *id.* ¶ 44, he was "grabbed by six officials and thrown onto the ground," *id*. ¶ 47. These actions, he alleged, "greatly exceeded the amount of force that was necessary," *id*. ¶ 50, and he further alleged that "the security guards clearly exceeded the bounds of reasonable behavior and instigated a physical altercation where there otherwise was no need for such violent conduct," *id*. ¶ 43. He also alleged that the MSG Defendants "intentionally placed Plaintiff in imminent fear of harmful and/or offensive conduct," *id*. ¶ 123, and that they "intentionally and wrongfully physically contacted Plaintiff without his consent," ¶ 127, when "they physically and forcibly removed Plaintiff from the Garden," *id*. ¶¶ 123, 127, and that the Plaintiff "has suffered and continues to suffer harm," *id*. ¶ 125.

When a plaintiff alleges that he was "thrown to the ground" by actions that "greatly exceeded the amount of force that was necessary" and "clearly exceeded the bounds of reasonable behavior," and that he "has suffered and continues to suffer harm," the reasonable inference to be drawn is that he has been subjected to an unreasonable amount of force.

The District Court appears to have somewhat misunderstood Oakley's allegations, deeming him to argue "that *any* use of force was unreasonable, because

10

it was unreasonable to ask him to leave in the first place." *Oakley*, 2020 WL 818920, at *14 (emphasis in original). Although Oakley did contend (incorrectly) that the act of removal was unreasonable, his additional, and actionable, claim was that the security guards used excessive force in accomplishing the removal.

In concluding that Oakley's allegations did not support an inference of unreasonable force, the District Court enlisted *Kalfus v. N.Y. Presbyterian Hospital*, 476 F. App'x 877, 880-881 (2d Cir. 2012). *See Oakley*, 2020 WL 818920, at *13. That decision is significantly different from Oakley's case. First, we note that the decision in *Kalfus* was not made on a motion to dismiss, but on a motion for summary judgment. *See id.* at 878. Second, force was used on Kalfus in order to handcuff him during an arrest. *See id.* at 879. In contrast, the Garden security officers who threw Oakley to the ground were not trying to handcuff a person whom they had authority to arrest; his arrest occurred later, outside the arena. The force reasonably needed to initiate the criminal process by handcuffing a person being arrested, "in circumstances that are tense, uncertain, and rapidly evolving," *Graham v. Connor*, 490 U.S. 386, 396-97 (1989), is not necessarily reasonable in the civil context to remove a person whose license to remain on private property has been revoked. One difference, for example, is that the reasonableness of force used to make an

arrest takes into account "the severity of the crime" for which the arrest is being made. *Id*. at 396.

As the Second Department of the Appellate Division has noted, "Because of its intensely factual nature, the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide." *Holland v. City of Poughkeepsie*, 90 A.D. 3d 841, 844, 935 N.Y.S.2d 583 (2d Dep't 2011). Even in the arrest context, the reasonableness of the force used is often a jury question. *See*, *e.g.*, *Hernandez v. Denny's Corp.*, 177 A.D. 3d 1372, 1375, 114 N.Y.S. 3d 147, 152 (4th Dept. 2019) (whether peace officers used unreasonable force in arresting restaurant customer who was belligerent was question for jury). These principles apply with even greater force at the motion to dismiss stage, where a court must assume the truth of the plaintiff's allegations and avoid resolving factual disputes.

In Oakley's case, his allegations sufficed to defeat a motion to dismiss the assault and battery claims in the amended complaint. Accordingly, the judgment is reversed as to the causes of action for assault and battery and affirmed as to other causes of action in a summary order filed this date, and the case is remanded for further proceedings.