21-3012-cv
*Myers v. Doherty*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand twenty-two.

Present:

> REENA RAGGI,
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> > *Circuit Judges*.

---

RONALD MYERS,

> *Plaintiff-Appellant*,

v.                                                                                              21-3012-cv

INSPECTOR MARY CHRISTINE DOHERTY, LIEUTENANT SEAN CONRY, DEPUTY INSPECTOR JAMES FRANCIS KOBEL, SERGEANT RICHARD BEARY, CITY OF NEW YORK,

> *Defendants-Appellees*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | JASON LOUIS SOLOTAROFF (Stephen Bergstein, Bergstein & Ullrich, LLP, New York, NY, *on the brief*), Giskan Solotaroff & Anderson LLP, New York, NY |
| For Defendants-Appellees: | KEVIN OSOWSKI, Assistant Corporation Counsel, New York City Law Department, Appeals Division (Richard Dearing, Devin Slack, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ronald Myers appeals from the district court's judgment of December 1, 2021, dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), Myers's claims against Defendants-Appellees for race discrimination, retaliation, and hostile work environment in violation of 42 U.S.C. § 1983 and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin Code §§ 8-101 *et seq.* We assume the parties' familiarity with the case. This Court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim, accepting as true all facts alleged in the complaint and resolving all reasonable inferences in favor of the non-moving party. *Oakley v. Dolan*, 980 F.3d 279, 283 (2d Cir. 2020).

## I. Myers's § 1983 Claims

### A. Timeliness

As a threshold matter, many of Myers's allegations fall outside the three-year statute of limitations. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331–32 (2d Cir. 1997) (applying New York's three-year statute of limitations to § 1983 claims). There is an exception to that limitations period for continuing violations, *Cornwell v. Robinson*, 23 F.3d 694, 703–04 (2d Cir. 1994), but that exception does not apply to "discrete acts of discrimination or retaliation," such as "termination, failure to promote, denial of transfer, or refusal to hire," *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010) (emphasis and internal quotation marks omitted).

Myers filed his original complaint on January 11, 2021. The district court correctly observed that various incidents, as alleged in the complaint, occurred more than three years before that date: Defendant Inspector Mary Christine Doherty's comments to Myers in 2005; Doherty's alleged retaliation against Myers following his objections to those 2005 comments; the later-vacated disciplinary action Doherty issued to Myers when Myers's car was towed while he was working; the less favorable performance evaluations Myers received in 2016 and 2017; and the disciplinary action Doherty issued to Myers when Myers changed his schedule in 2017. These were discrete acts that do not trigger the continuing violation doctrine, and the district court was therefore correct in dismissing Myers's claims as untimely to the extent based upon them. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (describing as quintessential discrete acts "termination, failure to promote, denial of transfer, or refusal to hire").[1]

## B. Discrimination

Turning to the substance of the amended complaint, Myers's first § 1983 claim alleged discrimination in violation of the Fourteenth Amendment's Equal Protection Clause. The analysis of such a claim parallels that of a Title VII claim. *See Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006); *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004). To defeat a motion to dismiss a race discrimination claim under § 1983, a plaintiff "must plausibly allege that (1) the employer took adverse action against him, and (2) his race . . . was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015). A plaintiff may allege either "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87. We

---

[1] Although Myers may not premise liability on this time-barred conduct, he may use these "prior acts as background evidence in support of a timely claim." *Morgan*, 536 U.S. at 113; *see Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 150 (2d Cir. 2012).

conclude that Myers failed to plead facts sufficient to show discrimination directly or to give rise to an inference of discrimination; therefore, we need not address the district court's additional holding that Myers failed to allege an adverse employment action.

An inference of discriminatory intent may arise from an employer's invidious comments about others in the employee's protected group. *See Littlejohn v. City of New York*, 795 F.3d 297, 312–13 (2d Cir. 2015). The significance of those comments depends on context and whether, fairly considered, they reveal discrimination or "tend[] to show that the decision-maker was motivated by assumptions or attitudes relating to the protected class." *Tomassi v. Insignia Fin. Grp.*, 478 F.3d 111, 116 (2d Cir. 2007), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). A plaintiff may also support an inference of racially discriminatory intent by demonstrating that similarly situated employees of a different race were treated more favorably, but those employees "must be similarly situated in all material respects." *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997).

We agree with the district court that Myers failed to allege facts supporting an inference of discriminatory intent. Even considering comments that Doherty allegedly made in 2005 as "background evidence" in support of Myers's discrimination claim, *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019) (internal quotation marks omitted), the link between those comments and the alleged adverse employment action taken 14 years later—namely, a 2019 notification of transfer—is too attenuated. *See Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) ("[T]he more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination."). Doherty's more recent comments—namely, that she had seen Myers wearing bow ties and attending political fundraisers, *see* App'x 17 ¶ 37—did not have racial overtones. As for Doherty's alleged

September 2018 statement telling Myers that "he could no longer use the bathroom that Doherty and other white supervisors used *because Doherty used it*," App'x 17 ¶ 37 (emphasis added); *see* App'x 10 ¶ 4, Doherty's alleged rationale admits no plausible race-based inference absent allegations that Myers was similarly situated in all material respects—e.g., rank and gender—to persons allegedly afforded preferential treatment. *See Ruiz v. County of Rockland*, 609 F.3d 486, 493–94 (2d Cir. 2010). Myers's other claims of disparate treatment are similarly inadequate.

## C. Retaliation

Myers also alleged retaliation in violation of the Equal Protection Clause. As with § 1983 discrimination claims, "the elements of a retaliation claim based on an equal protection violation under § 1983 mirror those under Title VII." *Vega*, 801 F.3d at 91. For such a claim to survive a motion to dismiss, a plaintiff "must plausibly allege that: (1) defendants acted under color of state law, (2) defendants took adverse employment action against him, (3) because he complained of or otherwise opposed discrimination." *Id.* The third element requires the plaintiff to plausibly plead a causal connection between the adverse action and his engagement in protected activity. *See* 42 U.S.C. § 2000e–3(a). That connection can be established indirectly by showing that the adverse action followed soon after the protected activity. *See Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 (2d Cir. 2001). Title VII retaliation claims must plausibly allege that a retaliatory motive was a "but-for" cause of the adverse employment action. *Vega*, 801 F.3d at 90–91. We affirm because Myers failed to allege a but-for causal connection between protected activity and any adverse employment action.

Here, the district court properly treated "any claims based on conduct, including acts of retaliation, before January 11, 2018," as time-barred under § 1983. App'x 46. Even considering such earlier alleged retaliatory acts as background evidence, the temporal gap between the

5

protected conduct alleged—namely, Myers's 2005 objection to offensive comments purportedly made by Doherty—and Doherty's alleged retaliatory act in 2019 was too great to plausibly allege a causal connection. *See Gorman-Bakos v. Cornell Coop. Extension*, 252 F.3d 545, 554 (2d Cir. 2001); *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85–86 (2d Cir. 1990). In urging otherwise, Myers argues that Doherty retaliated against him at every reasonable opportunity she had during this 14-year period. *See, e.g.*, *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (noting that passage of "only six months" was sufficient to support causal connection where "plausible that the officers waited to exact their retaliation at an opportune time"). But even Myers's version of events reveals yearslong gaps between alleged retaliatory acts (some time-barred for purposes of this litigation) and ample opportunity for Doherty to have retaliated against him prior to 2019. Finally, as the district court noted, the only other protected activity alleged—Myers's 2019 filing of a complaint with the New York City Police Department's Equal Employment Opportunity Division—post-dated the alleged adverse action, and therefore could not have prompted that action in retaliation.

### D. Hostile Work Environment

Construing the amended complaint in the light most favorable to Myers, the district court understood Myers's allegations of harassment under § 1983 to assert a hostile work environment claim. We agree with the district court's conclusion that Myers failed to state a viable claim.

The plausibility standard for a hostile work environment claim has an objective and a subjective component: "a plaintiff must plead facts that would tend to show that the complained of conduct . . . is objectively severe or pervasive—that is, . . . creates an environment that a reasonable person would find hostile or abusive" and "creates an environment that the plaintiff subjectively perceives as hostile or abusive." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007).

6

A court evaluating such a claim must consider "the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Littlejohn*, 795 F.3d at 321 (internal quotation marks omitted). Incidents of harassment "must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997) (internal quotation marks omitted). A complaint must allege facts plausibly showing that the plaintiff "was faced with harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." *Patane*, 508 F.3d at 113 (internal quotation marks omitted).

Myers's amended complaint failed to state a hostile work environment claim. Doherty's alleged comments were too sparse, and the totality of Defendants' conduct was more akin to the unpleasant behavior alleged in cases in which this Court has found no hostile work environment, *see, e.g.*, *Littlejohn*, 795 F.3d at 321 (no hostile work environment where plaintiff alleged defendant made negative statements, spoke to plaintiff in harsh tones, physically distanced herself from plaintiff, declined meetings with plaintiff, replaced plaintiff in meetings, wrongfully reprimanded plaintiff, and increased plaintiff's reporting responsibilities), than cases in which this Court has sustained such a claim, *see, e.g.*, *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 70–71 (2d Cir. 2000) (hostile work environment claim survived summary judgment where plaintiff alleged "a stream of racially offensive comments over the span of two to three months," including a physically threatening comment with racial overtones); *Snell v. Suffolk County*, 782 F.2d 1094, 1097–98, 1101, 1104 (2d Cir. 1986) (claim survived summary judgment where plaintiffs alleged "virtual barrage of racially offensive slurs and demeaning epithets," coupled with

proliferation of demeaning literature as well as cartoons and photographs depicting the KKK). Nor is this case analogous to *Patterson v. County of Oneida*, in which the totality of the circumstances included not just defendants' refusal to acknowledge the plaintiff, but also defendants' alleged operation of an elite, all-white unit for which black officers were ineligible and that routinely engaged in "Nazi-like" and racist behavior. 375 F.3d 206, 213, 229–30 (2d Cir. 2004).

## II. Myers's NYCHRL Claims

Myers also brought claims of discrimination and retaliation under the NYCHRL. After dismissing Myers's federal claims, the district court declined to exercise supplemental jurisdiction over Myers's NYCHRL claims and dismissed them without prejudice. We conclude that, having properly dismissed all federal claims, the district court did not abuse its discretion in also dismissing the state-law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). The district court reasonably concluded that the values of economy, convenience, fairness, and comity did not militate in favor of exercising supplemental jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018).

*   *   *

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

8